**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF UNION DES ASSOCIATIONS EUROPÉENNES DE FOOTBALL ("UEFA") FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No. 1:26-cv-25872-JEM |

**APPLICANT UEFA'S MOTION FOR CLARIFICATION**

Applicant Union des Associations Européennes de Football ("UEFA") respectfully moves, for the convenience of the Court and to avoid unnecessary duplication of filings, for clarification of the Court's August 31, 2026 paperless Order [ECF No. 20] (the "Order") granting the Motion for Leave to Respond in Opposition [ECF No. 16] filed by Non-Party Respondents FIFA (AMERICAS), Inc. and FWC2026 US, Inc. (together, "FIFA") on Friday, August 28, 2026. UEFA does not seek reconsideration of the Court's decision to permit FIFA to be heard. It seeks only to confirm two procedural points so that UEFA's *Ex Parte* Application [ECF No. 1] is briefed once, on a single and complete record, rather than in successive and duplicative rounds of briefing on the same and overlapping questions.

**INTRODUCTION**

The Order grants Non-Party FIFA leave to respond to UEFA's *Ex Parte* Application under 28 U.S.C. § 1782 and directs FIFA to file its response on or before September 28, 2026. *See* Order [ECF No. 20]. The Order does not, however, specify the scope of FIFA's forthcoming response or set a deadline for UEFA's reply. Indeed, just three months ago, Judge Beth Bloom granted an *ex parte* § 1782 application in aid of a Swiss criminal proceeding—the same type of foreign proceeding UEFA, a Swiss entity, is actively contemplating here—explaining that "[c]ourts within

this district routinely find *ex parte* applications for discovery under 28 U.S.C. § 1782 proper." *In re Application of Telf AG*, 2026 WL 1429285, at *1 (S.D. Fla. May 21, 2026). Although FIFA cited no authority suggesting this procedure is improper practice, the efficiency it is designed to serve counsels in favor of clarifying that FIFA's response will resolve every objection—statutory, discretionary, and subpoena-specific—in one filing. Left unclarified, the Order's silence on scope and reply timing risks the opposite: FIFA could oppose the Application now and reserve a separate, later motion to quash the same subpoenas that are already in the record as Exhibits 158 through 161 to the accompanying Declaration of Andrew J. Levander [ECF No. 1-1 at Ex. 158–161]—forcing the Court and the parties to revisit the same statutory and *Intel* factors a second time. UEFA respectfully submits that a brief clarification on two points will ensure the briefing is complete, will not delay the matter, and will avoid piecemeal litigation:

1. that FIFA's response must present, in that single filing, all of its objections—to the merits of the Application *and* to the subpoenas themselves, the proposed forms of which are already in the record as Exhibits 158 –161 of Exhibit A to the Application—rather than opposing the Application now and reserving a separate, later motion to quash the same subpoenas which are already of record. District courts in this Circuit and elsewhere have recognized the importance of allowing prompt consideration of § 1782 applications. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004); *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1224 (11th Cir. 2019); *In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013); and

2. that UEFA will have seven days from service of FIFA's response to file a reply, consistent with Local Rule 7.1(c)(1).

## **BACKGROUND**

On August 27, 2026, UEFA filed its *Ex Parte* Application for an order under 28 U.S.C. § 1782 authorizing discovery from FIFA for use in a contemplated Swiss criminal proceeding. *See* Application [ECF No. 1]. The Application asks the Court to grant leave to serve document subpoenas and Rule 30(b)(6) deposition notices, the proposed forms of which are attached as exhibits to the accompanying Declaration of Andrew J. Levander. *Id*; *see* [ECF No. 1-1 at Ex. 158–161].

On August 28, 2026, FIFA moved for leave to file a response opposing UEFA's *Ex Parte* Application before the Court ruled, requesting until September 28, 2026 to do so. *See* [ECF No. 16]. In its Motion for Leave, FIFA previewed the arguments it intends to press against the Application: that UEFA cannot satisfy § 1782's "for use" requirement because it identifies no existing foreign proceeding; that the dispute is subject to arbitration; that the discretionary *Intel* factors, including circumvention and the availability of the Treaty of Mutual Legal Assistance in Criminal Matters, weigh against discovery; and that the Application is a vehicle for harassment. *See id.* As noted in its Motion for Leave, UEFA opposed FIFA's motion.

On August 31, 2026, before UEFA filed its opposition to FIFA's Motion for Leave, the Court entered its paperless Order granting that Motion, directing that FIFA "shall file their response on or before September 28, 2026." *See* Order [ECF No. 20]. Accordingly, UEFA now seeks clarification of two aspects of that Order to avoid delay and piecemeal litigation.

## **MEMORANDUM OF LAW**

### **I. FIFA'S RESPONSE SHOULD PRESENT ALL OF ITS OBJECTIONS—TO THE MERITS OF THE APPLICATION *AND* TO THE SUBPOENAS—IN A SINGLE FILING.**

Under § 1782, opposing the merits and opposing the discovery are not two separate exercises. The statutory analysis and the discretionary *Intel* factors turn directly on the discovery

sought: a court applies the statutory requirements and the four *Intel* factors—including whether the requests are "unduly intrusive or burdensome"—as a single, integrated inquiry that necessarily evaluates the subpoenas themselves. *See, e.g.*, *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296 (S.D. Fla. 2012). Indeed, courts in this District routinely take up statutory eligibility, the *Intel* factors, and scope together, on a single record. *See In re Martinez*, 736 F. Supp. 3d 1189 (S.D. Fla. 2024) (resolving the statutory requirements, the *Intel* factors, and scope and undue-burden objections together, and addressing the scope of the subpoena as issued); *In re Pons*, 614 F. Supp. 3d 1134 (S.D. Fla. 2020) (adjudicating the statutory "for use" requirement, the *Intel* factors, and overbreadth objections together on a post-order motion to vacate and quash).

Because a challenge to the merits is, in substance, a challenge to the discovery, and because the draft subpoenas are already in the record (Exhibits 158 through 161 to the Levander Declaration), FIFA should direct any objection it has to the subpoenas—*e.g.*, scope, breadth, or burden—at those instruments now, in the same response in which it seeks to oppose the Application.

Absent that clarification, the Application risks being litigated in successive, overlapping piecemeal rounds. FIFA's forthcoming opposition and any later motion to quash would turn on the same three questions—whether UEFA has identified a qualifying foreign proceeding, whether the *Intel* factors favor discovery, and whether the requests are appropriately tailored—once in FIFA's response and again on any later motion to quash. Because the document and deposition subpoenas are already in the record and characterized as a vehicle for harassment, the Court can resolve each question now.[1] Directing FIFA to raise all of its objections in a single response—on

[1] UEFA does not seek to avoid ordinary service of the subpoenas or to accelerate any production deadline. Should the Court grant the Application, UEFA will serve the subpoenas in the ordinary course under the Federal Rules of Civil Procedure, and FIFA's time to respond and to produce

a record that already includes the subpoenas—lets the Court decide the Application once, rather than revisiting the same issues in a second round of briefing and further delaying what is expected to be an expedited process. *See Intel*, 542 U.S. at 252 (recognizing that § 1782 assistance is meant to be "efficient"); *In re Ex Parte Application of Medland*, No. 1:26-mc-25233-JEM, Dkt. 5 (S.D. Fla. Aug 11, 2026) (Martinez, J.) (granting § 1782 application on *ex parte* basis within a week of filing).

Singular briefing also serves the "twin aims" of § 1782: providing an efficient means of assistance to participants in international litigation in United States courts, and encouraging foreign countries by example to provide reciprocal assistance to U.S. courts. *See Intel*, 542 U.S. at 252 (recognizing that § 1782 assistance is meant to be "efficient"); *In re Sociedad Militar Seguro de Vida*, 985 F. Supp. 2d 1375, 1380 (N.D. Ga. 2013) (same). Foreign proceedings and investigations move on their own schedules, and § 1782's utility to a foreign tribunal turns on the evidence being available when it is needed; piecemeal, successive briefing on the same questions serves neither aim.

Accordingly, UEFA requests that the Court clarify that FIFA's response, due on or before September 28, 2026, must raise all of FIFA's objections—to the Application and to the subpoenas—at once, and that FIFA may not reserve subpoena-directed objections for a later, separate motion. FIFA's objection was not that the ordinary procedure would cause it injury, it is that it would prefer to be heard first to delay discovery as long as possible. That preference is, of course, not a recognized legal basis to depart from the settled rules and procedures of this District. *See In re Martinez*, 736 F. Supp. 3d at 1198. Indeed, the Court has allowed FIFA to

---

responsive materials will be triggered by that service. UEFA asks only that FIFA present any objection to the subpoenas in its response, rather than reserve those objections for a separate, later motion.

respond, and it should do so fully, requiring merits briefing so as not to prejudice UEFA, which would otherwise be required to file duplicative briefs on a protracted basis.

## II. UEFA SHOULD HAVE SEVEN DAYS TO REPLY UNDER LOCAL RULE 7.1(c)(1).

Furthermore, the Order sets FIFA's deadline but is silent as to UEFA's reply. Local Rule 7.1(c)(1) affords the movant the opportunity to reply: a movant "may, within seven (7) days after service of an opposing memorandum of law, file and serve a reply memorandum in support of the motion." UEFA is the foreign applicant and movant on its Application; FIFA's authorized response is the opposing memorandum. UEFA respectfully requests that the Court clarify that the ordinary reply period of Local Rule 7.1(c)(1) applies here, and that UEFA may file a reply within seven days after FIFA serves its response.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Union des Associations Européennes de Football ("UEFA") respectfully requests that the Court grant this Motion and clarify its August 31, 2026 paperless Order [ECF No. 20] to confirm that: (1) FIFA's response shall present all of its objections—to the merits of the Application and to the subpoenas, the drafts of which are in the record as Exhibits 158 through 161 to the Levander Declaration—in that single filing, rather than reserving subpoena-directed objections for a later, duplicative motion; and (2) UEFA may file a reply within seven days after service of FIFA's response, consistent with Local Rule 7.1(c)(1).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for UEFA hereby certifies that counsel has conferred with counsel for FIFA in a good faith effort to resolve the issues raised in this Motion. As a result of that conferral, counsel for FIFA has advised as follows: (i) FIFA does not oppose UEFA's request to file a reply; and (ii) FIFA intends to oppose the Application and, separately, to object in greater detail to the subpoenas by later motion should the Application be granted. FIFA also intends to seek to hold in abeyance or otherwise delay UEFA's subpoenas through its objections, which UEFA, for the legal reasons discussed in the Motion, deems improper.

Dated: September 1, 2026

/s/ *Aliette D. Rodz*

Aliette D. Rodz
Florida Bar No. 0173592
arodz@shutts.com
Elle A. Thomas
Florida Bar No. 1051229
ethomas@shutts.com
SHUTTS & BOWEN LLP
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel. (305) 347-7342
Fax (305) 381-9982

Andrew J. Levander
(*pro hac vice*)
andrew.levander@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel. (212) 698-3500
Fax (212) 698-3599

Christina G. Sarchio
(*pro hac vice*)
christina.sarchio@dechert.com
Scott E. Lerner
(*pro hac vice*)

scott.lerner@dechert.com
Benedict S. Bernstein
(*pro hac vice*)
benedict.bernstein@dechert.com
Aimee C. Hwang
(*pro hac vice*)
aimee.hwang@dechert.com
DECHERT LLP
1900 K Street NW
Washington, D.C. 20006
Tel. (202) 261-3300
Fax (202) 261-3333
Ariel D. Smith
(*pro hac vice*)
ariel.smith@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 994-4000
Fax (215) 994-2222

*Counsel for Applicant Union des Associations Européennes de Football (UEFA)*